940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
O.D. WOOLSEY, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, Mark McKinna, Darryl Fish, Ed
Clodfelter, Leroy Mathews, Charles Watson, Larry
Spurlock, Bill Murray, Ben Johnson, and
Frank Gardner, Defendants-Appellees.
 No. 91-1119.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Woolsey, a state prisoner, appeals the denial of relief under his pro se Sec. 1983 claim for damages.
 
 
 3
 Mr. Woolsey was an inmate and was transferred to another prison. Mr. Woolsey was not allowed to take his hobby materials with him and the prison stored them in a storage locker. The storage room was broken into by a person or persons unknown who stole most of Mr. Woolsey's property. Approximately $1,200 of his property remained while $6,203 worth of his property was taken.
 
 
 4
 Mr. Woolsey states he filed suit in state court in 1984 and this suit was dismissed for failure to file timely notice. According to Mr. Woolsey, the court ordered the prison authorities to transfer Mr. Woolsey's remaining property to his new prison and in 1987 this was done. Mr. Woolsey charges the property was ordered destroyed upon its arrival.
 
 
 5
 Mr. Woolsey then filed this pro se action seeking compensation under 42 U.S.C. Sec. 1983. Mr. Woolsey asked for damages in the amount of $116,203. Defendants filed a motion asking the complaint be dismissed for failure to state a claim. After referring the case to a magistrate judge and considering Mr. Woolsey's objections, the district court dismissed the action reasoning adequate state post deprivation remedies exist for the intentional deprivation of private property. The district court also rejected Mr. Woolsey's claims for the loss of his property which were grounded upon due process and cruel and unusual punishment.
 
 
 6
 In his pro se appeal to this court, Mr. Woolsey advances the same arguments made to the district court and contends he followed state procedures, was denied relief, and the federal courts should grant relief. He also asserts his state court claim was wrongly decided and argues this fact has resulted in his deprivation of various Constitutional rights.
 
 
 7
 Mr. Woolsey, as so many other pro se appellants, misperceives the use and purpose of Sec. 1983. Section 1983 does not exist to right every wrong--it creates no enforceable rights. Section 1983 serves only to ensure an individual has a cause of action for violation of the Constitution and federal laws. Courts have held, in this type of case, that the existence of the alternative state remedy supplies "due process" and thus there is no "deprivation" by the state. Accordingly, in Parratt v. Taylor, 451 U.S. 527 (1981), where an inmate sued a warden under Sec. 1983 over the loss of a hobby kit, the Court held the existence of a state tort claims procedure supplied due process and no federal claim could be presented. Parratt applied only to a negligent taking. Subsequently, in Hudson v. Palmer, 468 U.S. 517 (1984), the Parratt principle was extended to intentional taking. Thus, Mr. Woolsey has no claim.
 
 
 8
 As Mr. Woolsey's cruel and unusual punishment claim has no merit, the judgment of the district court is AFFIRMED for substantially the same reasons therein set forth.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3